UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHANEL, INC.,

                Plaintiff,

v.

A & S CHANEL FASHION, LLC d/b/a A & S Shanel Fashion and Ahmed Ibrahim,

                Defendants.

Case No. _____

RICHARD A. HERMAN, P.C.
Richard A. Herman (P31210)
Attorneys for Plaintiff
30850 Telegraph Road # 250
Bingham Farms, MI 48025
Tel: (248) 593-0395
rhermanpc@aol.com

Barbara A. Solomon (*Of counsel*)
Jessica Vosgerchian (*Of counsel*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, NY 10036
Tel. (212) 813-5900
Fax. (212) 813-5901
bsolomon@fzlz.com
jvosgerchian@fzlz.com

## **COMPLAINT**

Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel"), by its undersigned attorneys, for its Complaint against defendant A & S Chanel Fashion, LLC d/b/a A & S Shanel Fashion ("A & S") and defendant Ahmed Ibrahim ("Ibrahim," and collectively with A & S, the "Defendants") allege as follows:

{F2226707.2 }

## SUBSTANCE OF THE ACTION

1. Chanel is an iconic fashion and beauty company whose products are sought the world over. This action arises out of Defendants' unauthorized commercialization of the famous CHANEL trademark for their retail clothing business. By adopting CHANEL and its phonetic equivalent SHANEL, Defendants have engaged in trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement under Mich. Comp. Laws Ann. § 429.42; and trademark infringement and unfair competition under the common law of the State of Michigan. Chanel seeks injunctive relief to protect the CHANEL trademark and such other relief as the Court deems just and proper.

## PARTIES

2. Plaintiff Chanel, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 9 West 57th Street, New York, New York 10019. Chanel has exclusive rights in and to the federally registered CHANEL trademark and to the Chanel trade name, which are used on products and in connection with retail services throughout the United States.

3. Upon information and belief, Defendant A & S Chanel Fashion, LLC d/b/a A & S Shanel Fashion, is a Michigan limited liability company with a principal place of business at 4131 15 Mile Road, Sterling Heights, Michigan 48310.

4.  Upon information and belief, Defendant Ahmad Ibrahim is a Michigan resident and the resident agent for Defendant A & S Chanel Fashion, LLC, with a listed registered office address at 4131 15 Mile Road, Sterling Heights, Michigan 48310.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a). The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

6.  This Court has personal jurisdiction over Defendants because Defendants maintain a principal place of business, and continuously and systematically conduct, transact and solicit business, in this State and district.

7.  Venue is proper in this district pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction in this district due to their transacting of business herein, because Defendants have substantial contacts with this district, because Defendants maintain a principal place of business in this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district, and Chanel is suffering harm in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.  Chanel's Business and Use of the CHANEL Mark

8. Chanel is a premier manufacturer and seller of a wide variety of consumer products, notably clothing among other goods, and is a recognized leader in the fields of fashion and beauty.

9. For over 85 years, Chanel has used CHANEL as a trade name, house mark and trademark to identify its goods and business and to identify the source of its products and services. The CHANEL name and mark is one of the most recognized and famous marks in the world, has become synonymous with Chanel, and serves to designate exclusively Chanel's very business, as well as its goods and services.

10. Among the goods and services for which Chanel is particularly well known are those related to fashion retail, including the sale of a broad range of clothing, as well as shoes, handbags, jewelry, accessories, leather goods, and beauty products. Goods bearing or sold under the CHANEL mark and name are available throughout the United States in department stores, through authorized retailers on the Internet, and through Chanel's own website and stand-alone boutiques. These products are renowned for their high quality and are identified and recognized by the use of the CHANEL mark. Chanel products are sold in Chanel boutiques in Michigan, and in the Neiman Marcus and Saks Fifth Avenue stores in Troy, Michigan. Chanel's fragrances and beauty products are sold in Ulta, Sephora, Macy's and Lord & Taylor stores throughout the state, including Sterling Heights.

11. Chanel has built the value of the CHANEL mark through sales of millions of dollars of products bearing the CHANEL mark, through the provision of goods and services under the CHANEL mark, and through global marketing and promotional activities over a period of more than 85 years.

12. Chanel has spent hundreds of millions of dollars to advertise and promote its goods extensively. Chanel advertises its products, brand, services and image in all available media including television, radio, print publications, the Internet and through special events, including fashion shows that are regularly covered by the world media. Chanel has spent tens of millions of dollars on advertising in the U.S. in the last five years alone, all of which prominently featured the CHANEL mark.

13. In addition to Chanel's own advertising efforts, CHANEL-branded products frequently are the subject of fashion and beauty editorials in magazines and on television. This coverage reaches hundreds of millions of consumers. As a result, the CHANEL mark has come to be recognized and associated exclusively with products and services from Chanel.

14. In addition to its common law rights in the CHANEL mark, Chanel owns dozens of registrations for the CHANEL mark. These registrations cover retail store services and clothing as shown below:

| MARK | Registration Number | Date of Registration | Goods/Services |
|---|---|---|---|
| CHANEL* | 906,262 | 1/19/71 | Coats, suits, blouses and scarves |
| CHANEL* | 915,139 | 6/15/71 | Women's shoes |
| CHANEL* | 930,567 | 3/07/72 | Men's neckwear |
| CHANEL | 1,079,438 | 12/13/77 | Ladies' gloves |
| CHANEL* | 1,177,400 | 11/10/81 | Hats, shawls and belts |

| CHANEL* | 1,241,265 | 6/7/83 | Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, coats, raincoats, scarves, shoes and boots |
| CHANEL* | 1,263,845 | 1/10/84 | Retail store services in the field of clothing and accessories |
| CHANEL* | 3,134,695 | 8/29/06 | Sunglasses, sunglass parts, cases for spectacles and sunglasses, swimwear, stockings, socks, and hair accessories |

All of the listed registrations are valid, subsisting, and in full force and effect, and serve as *prima facie* evidence of Chanel's ownership of the listed marks and its exclusive right to use each of the marks. In addition, all of the registrations marked with an asterisk are incontestable as to all goods and services listed therein under Section 15 of the Lanham Act, 15 U.S.C. § 1065, meaning that the registrations are conclusive evidence of Chanel's exclusive right to the registered marks in commerce on or in connection with the goods or services stated in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). Printouts from the United States Patent and Trademark Office's online database reflecting the registrations identified above are attached as **Exhibit A**.

15. The fame and recognition of the CHANEL mark has been noted in numerous surveys that rank CHANEL among the most recognizable brands in the United States. Indeed, Chanel consistently appears year after year in the *Women's Wear Daily* list of the 100 best known brands in the fashion industry.

16. U.S. courts and administrative tribunals have held the CHANEL mark to be famous and distinctive. By way of example only, as recently as May 2014, the Trademark Trial and Appeal Board of the United States Patent and Trademark Office held that the CHANEL mark "enjoys widespread recognition among the general public and is a 'household name' synonymous with high fashion and style . . . and is therefore famous for dilution purposes." *See Chanel, Inc. v. Jerzy Makarczyk*, Opp. No. 91/208352 (T.T.A.B. May 27, 2014).

17. Because of Chanel's exclusive and extensive use of the CHANEL mark, the CHANEL mark has acquired enormous value and has become famous among the consuming public and trade as identifying and distinguishing Chanel exclusively and uniquely as the source of products available under or bearing the mark.

B. Defendants' Conduct

18. Upon information and belief, Defendant Ibrahim owns and operates a retail men's clothing store in this judicial district under the names A & S Chanel Fashion and A & S Shanel Fashion.

19. Upon information and belief, on April 10, 2015, Defendant Ibrahim registered A & S Chanel Fashion, LLC as a limited liability company in the State of Michigan.

20. Upon information and belief, in and around April 2015, and long after Chanel's CHANEL mark became famous, Defendants began using in commerce in connection with their retail clothing business the trade names A & S CHANEL FASHION and/or A & S SHANEL FASHION (collectively, the "Infringing Names").

21. According to advertising and promotion for A & S, the store offers "Whatever men's need of clothing," "Elegant and new fation [*sic*]," and "new style" suits and shoes.

22. Defendants have no association with Chanel and have never been authorized by Chanel to use or exploit the CHANEL mark commercially or for any purpose.

23. The services offered by Defendants, namely the operation of a retail clothing store, are the very same services offered by Chanel under the CHANEL mark. Specifically, Chanel offers a variety of men's clothing under its CHANEL mark, including formal wear and shoes.

24. At the time Defendants began using the Infringing Names in connection with their retail clothing business, the CHANEL trademark was federally registered, had been held to be famous by U.S. courts and administrative tribunals, and was distinctive as a matter of law. Under the law, Defendants are presumed to have been on notice of Chanel's pre-existing rights to the CHANEL mark for related store services prior to their adoption of the Infringing Names. Upon information and belief, Defendants also were on actual notice of Chanel's pre-existing rights to the CHANEL mark prior to their adoption of the Infringing Names based on the fame of the CHANEL mark and the use of the mark on goods available in the very city where Defendants provide their related store services.

25. Upon information and belief, Defendants' adoption and continued use of the Infringing Names is with full knowledge of Chanel's exclusive rights to the CHANEL mark, with knowledge of the tremendous fame and reputation of the CHANEL mark, and

with knowledge that the CHANEL mark is associated exclusively with products and services of Chanel.

26. Chanel, as a business owner and the owner of a world renowned trademark that represents enormous goodwill and that is a significant asset of the company, must act to protect its famous name and mark from infringement and dilution.

27. In an attempt to avoid litigation, on June 29, 2016, Chanel sent Defendants a cease-and-desist letter advising Defendants of Chanel's rights in the CHANEL mark and requesting that Defendants change their business name to a name that did not include the word CHANEL or a phonetic equivalent to the word CHANEL. Defendants never responded to this Letter.

28. During the period from July 29, 2016 until the filing of this lawsuit, Chanel sent additional follow-up letters to Defendants in an attempt to resolve this dispute without litigation. In August 2017, Defendants indicated their willingness to settle this dispute amicably, but subsequently ceased engaging in negotiations to resolve this dispute. As a result of Defendants' refusal to settle this dispute out of court, Chanel has no option but to file a lawsuit.

29. Defendants' unauthorized use of the Infringing Names for their retail clothing business allows Defendants to capitalize on the fame, recognition, and goodwill of Chanel's CHANEL mark and to create initial interest confusion by creating a false impression that Chanel is the source of or somehow sponsors Defendants' goods.

30. Defendants' acts are likely to injure Chanel's goodwill and reputation. The use by Defendants of the Infringing Names wrests from Chanel control over its trademark and reputation. Chanel has no control over the quality of Defendants' goods.

As a result, Chanel's extremely valuable reputation may be permanently damaged. If Defendants' conduct is not enjoined, it will greatly injure the value of Chanel's CHANEL mark and the ability of the CHANEL mark to indicate goods and services emanating from a single source, namely Chanel.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

31. Chanel repeats and realleges paragraphs 1 through 30 above as if fully set forth herein.

32. As a result of extensive use and promotion of the CHANEL mark, and the goods and services offered thereunder by Chanel for decades, the CHANEL mark is famous throughout the United States, is highly distinctive of Chanel's goods and services and is widely recognized among the consuming public as a designation of source of Chanel's goods. The CHANEL mark became famous long before Defendants commenced their unauthorized use of the Infringing Names as described herein.

33. The Defendants' commercial use of the Infringing Names in connection with their retail clothing business is diluting Chanel's famous CHANEL mark by impairing the distinctiveness of the CHANEL mark, thereby lessening the capacity of that mark to identify and distinguish Chanel exclusively in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

34. Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, the CHANEL mark and cannot assert any rights in the CHANEL mark that are prior to Chanel's.

35. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to damage Chanel unless enjoined by this Court. Chanel has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

36. Chanel repeats and realleges each of the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

37. Defendants' unauthorized use of the Infringing Names for services related to those provided by Chanel under the CHANEL Mark is likely to cause confusion, or to cause mistake or to deceive Defendants' customers, potential consumers, and/or the public as to the source or sponsorship of Defendants' services. Defendants' conduct creates initial interest confusion by creating a false impression that Chanel is the source of or somehow sponsors Defendants' services.

38. Upon information and belief, Defendants were on both actual and constructive notice of Chanel's exclusive rights in the registered CHANEL mark prior to their own use of the Infringing Names.

39. Defendants have no right, license or authority from Chanel to use the CHANEL mark or any other mark confusingly similar thereto.

40. Defendants' acts constitute infringement of Chanel's federally-registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and, unless enjoined by this Court, will continue to both damage Chanel and deceive the public. Chanel has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF:
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

42. Chanel repeats and realleges paragraphs 1 through 30 above as if fully set forth herein.

43. Defendants' use of the Infringing Names constitutes a false designation of origin and a false representation with respect to the origin of Defendants' services. Defendants' use of the Infringing Names is likely to cause confusion, mistake, or deception as to the source of Defendants' services and is likely to create the false impression that Defendants are affiliated with Chanel or that their services are authorized, sponsored, endorsed, licensed by, or affiliated with Chanel.

44. Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue both to damage Chanel and to deceive the public unless enjoined by this Court. Chanel has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## TRADEMARK INFRINGEMENT UNDER MICHIGAN LAW
## (Mich. Comp. Laws Ann. § 429.42)

46. Chanel repeats and realleges paragraphs 1 through 30 above as if fully set forth herein.

47. Defendants have used the CHANEL mark and trade name, as well as a colorable imitation thereof, without Plaintiff's authorization in connection with the sale, offering for sale, and advertising of goods and services, including on labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used upon or in connection with the sale or other distribution in this state of such goods or services.

48. Defendants have used the CHANEL mark and trade name with knowledge of Chanel's prior rights in the CHANEL mark and trade name, and of the fame and success of Chanel's products sold and services provided under that designation. Defendants' use of Chanel's mark and trade name is likely to cause confusion and mistake among the public as to the nature and origin of Defendants' services in violation of Chanel's rights under Mich. Comp. Laws Ann. § 429.42(a)-(b).

49. Upon information and belief, Defendants were on notice of Chanel's exclusive rights in the CHANEL mark before adopting the Infringing Names by virtue of Chanel's open sale and use of the CHANEL mark and trade name, and by virtue of Chanel's numerous federal trademark registrations for the CHANEL mark. By using Chanel's CHANEL mark without authorization, Defendants have been unjustly enriched and Chanel has been damaged.

50. The aforesaid conduct of Defendants constitutes trademark infringement under Mich. Comp. Laws Ann. § 429.42(a)-(b).

51. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and to deceive the public unless enjoined by this Court. Chanel has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF:
### TRADEMARK INFRINGEMENT UNDER MICHIGAN COMMON LAW

52. Chanel repeats and realleges paragraphs 1 through 30 above as if fully set forth herein.

53. Defendants have used the CHANEL mark and trade name with knowledge of Chanel's prior rights in the CHANEL mark and trade name, and of the fame and success of Chanel's products sold and services provided under that designation.

Defendants' use of Chanel's mark and trade name is likely to cause confusion and mistake among the public as to the nature and origin of Defendants' services in violation of Chanel's rights under the common law of the state of Michigan.

54. Upon information and belief, Defendants were on notice of Chanel's exclusive rights in the CHANEL mark before adopting the Infringing Names by virtue of Chanel's open sale and use of the CHANEL mark and trade name, and by virtue of Chanel's numerous federal trademark registrations for the CHANEL mark. By using Chanel's CHANEL mark without authorization, Defendants have been unjustly enriched and Chanel has been damaged.

55. The aforesaid conduct of Defendants constitutes trademark infringement under the common law of the State of Michigan.

56. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and to deceive the public unless enjoined by this Court. Chanel has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF:
## UNFAIR COMPETITION UNDER MICHIGAN COMMON LAW

57. Chanel repeats and realleges paragraphs 1 through 30 above as if fully set forth herein.

58. Defendants have used the CHANEL mark and trade name with knowledge of Chanel's prior rights in the CHANEL mark and trade name, and of the fame and success of Chanel's products sold and services provided under that designation. Defendants' use of Chanel's mark and trade name is likely to cause confusion and mistake among the public as to the nature and origin of Defendants' services in violation of Chanel's rights under the common law of the state of Michigan.

59. Upon information and belief, Defendants were on notice of Chanel's exclusive rights in the CHANEL mark and trade name before adopting the Infringing Names by virtue of Chanel's open sale and use of the CHANEL mark and trade name, and by virtue of Chanel's numerous federal trademark registrations for the CHANEL mark. By using Chanel's CHANEL mark and trade name without authorization, Defendants have been unjustly enriched and Chanel has been damaged.

60. The aforesaid conduct of Defendants constitutes unfair competition under the common law of the State of Michigan.

61. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and to deceive the public unless enjoined by this Court. Chanel has no adequate remedy at law.

**WHEREFORE**, Plaintiff Chanel, Inc. respectfully demands judgment as follows:

1) That a permanent injunction be issued enjoining Defendants, and any of their officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with Defendants, and any entity owned or controlled in whole or in part by Defendants, from:

> (a) imitating, copying or making unauthorized use of the mark CHANEL, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the mark CHANEL (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark

on or in connection with any goods, businesses or services offered by Defendants or the advertising or promotion thereof;

(b) using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendants or any individual, entity or other third party affiliated with Defendants;

(c) using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendants;

(d) applying to register or registering in the United States Patent and Trademark Office, in any state trademark registry, any mark consisting in whole or in part of the CHANEL mark, or consisting in whole or in part of any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the CHANEL mark or otherwise taking any other action designed to give Defendants any claim of rights in or to the CHANEL mark;

(e) using a Prohibited Mark in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or the provision of any goods or services;

(f) using in any manner in a business or in connection with any products, services or business, or the advertising or promotion thereof, directly or

>> indirectly, a Prohibited Mark in such a fashion as to dilute or tend to dilute the distinctive quality of Plaintiff's CHANEL mark;
>
> (g) engaging in any other activity constituting unfair competition with Chanel, constituting an infringement of the CHANEL mark; or
>
> (h) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

2)  That Defendants be required to cancel or amend all certificates of incorporation or fictitious business name statements, or other documents to delete any reference to the name CHANEL, SHANEL or any other Prohibited Mark, or the ability to conduct business under such name.

3)  That Defendants be required to remove all Prohibited Marks from Defendants' premises, including all external and internal signage.

4)  That Defendants be directed to file with the Court and serve upon Chanel's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

5)  Awarding Chanel all gains, profits, property, and advantages derived by Defendant from its unlawful conduct, including disgorgement of all monies made by Defendant due to its misrepresentation of its products' authenticity, pursuant to 15 U.S.C. § 1117(a)(1).

6)  Awarding Chanel such further amounts as the Court may in its discretion find to be just should the amount of profits be inadequate, pursuant to 15 U.S.C. § 1117(a).

7) Awarding Chanel its costs and disbursements incurred in this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. §1117(a).

8) Awarding Chanel interest, including pre-judgment interest on the foregoing sums.

9) Awarding to Chanel such other and further relief as the Court may deem just and proper.

Dated:   September 26, 2017                    RICHARD A. HERMAN, P.C.

By: /s/ Richard A. Herman
Richard A. Herman (P31210)
Attorneys for Plaintiff
30850 Telegraph Road # 250
Bingham Farms, MI 48025
Tel: (248) 593-0395
rhermanpc@aol.com


Barbara A. Solomon  (*Of counsel*)
Jessica Vosgerchian (*Of counsel*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, NY  10036
Tel. (212) 813-5900
Fax. (212) 813-5901
bsolomon@fzlz.com
jvosgerchian@fzlz.com